Order signed.

---

### LEERBURGER v. POLSTEIN et al.

(Supreme Court, Appellate Division, First Department. November 26, 1915.)

INJUNCTION ⬳114—LATERAL SUPPORT—PARTIES.

    The president, treasurer, and director of a realty company, by reason of his connection with the company, might be enjoined against actively interfering in destroying the support to plaintiff's property.

    [Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 202–220; Dec. Dig. ⬳114.]

Appeal from Special Term, New York County.

Action for mandatory injunction by Matilda Leerburger against the Hennessey Realty Company, with Joseph Polstein, impleaded, etc.

Judgment for plaintiff, entered upon a decision after a trial, and the impleaded defendant appeals. Modified and affirmed.

See, also, 154 App. Div. 158, 138 N. Y. Supp. 921; 149 App. Div. 943, 134 N. Y. Supp. 1137.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, DOWLING, and SMITH, JJ.

H. E. Davis, of New York City, for appellant.
Everett V. Abbot, of New York City, for respondent.

PER CURIAM. The connection of this appellant with the defendant Hennessey Realty Company, of which he is director, president, and treasurer, would justify the court in granting against him an injunction to prevent him from actively interfering in destroying the support to the plaintiff's property. The injunction, in so far as it is mandatory, in requiring him to restore the property to the condition in which it was before the acts complained of, is unauthorized by the evidence or the findings as to him.

The judgment appealed from is therefore modified accordingly, and, as thus modified, affirmed, without costs in this court.